WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherman Terrell Pruitt,<br><br>             Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>             Defendants. | No. CV-13-02357-PHX-DJH (ESW)<br><br>**ORDER** |

      Pending before the Court is Plaintiff's "Motion for Appointment of Counsel and Memorandum in Support of Motion for Appointment of Counsel" (Doc. 39). Plaintiff is incarcerated in the Arizona State Prison Complex-Lewis and has filed a civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983. Plaintiff requests the appointment of counsel for the following reasons: (1) the issues in his case are complex; (2) imprisonment limits his ability to litigate; (3) Plaintiff has limited knowledge of the law; and (4) Plaintiff's attempts to secure counsel on his own have been unsuccessful.

      There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Coors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the

likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). *See also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Plaintiff's filings with the Court, as well as the instant motion, indicate that Plaintiff is capable of navigating his proceedings and presenting arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff is in no different position that many pro se prisoner litigants. Having failed to show that exceptional circumstances are present, Plaintiff's request for appointment of counsel will be denied. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Appointment of Counsel and Memorandum in Support of Motion for Appointment of Counsel (Doc. 39) is denied.

Dated this 24th day of November, 2015.

                                            Honorable Eileen S. Willett
                                            United States Magistrate Judge