WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Sherman Terrell Pruitt,

               Plaintiff,

v.

Charles L. Ryan, et al.,

               Defendants.

No. CV-13-02357-PHX-DJH (ESW)

**ORDER**

This is a civil rights action filed by pro se prisoner Sherman Terrell Pruitt ("Plaintiff") pursuant to 42 U.S.C. § 1983. There are six Defendants: (i) Dr. Kenneth Merchant; (ii) Nurse Practitioner Lawrence Ende; (iii) Registered Nurse Renae Furar; (iv) Nurse Practitioner Susan Thompson; (v) Dr. Orson Anderson; and (vi) Arizona Department of Corrections' Director Charles L. Ryan. (Doc. 12 at 17). Plaintiff alleges that Defendants violated his Eighth Amendment rights under the U.S. Constitution by acting deliberately indifferent to his serious medical needs in relation to certain prostate and skin conditions. (*Id*. at 2-15).

Four motions filed by Plaintiff are currently pending: (i) two motions captioned as "Motion for Enlargement" (Docs. 73 and 74); (ii) "Motion for Rule 56 and Declaration" (Doc. 62); and (iii) "Motion for the Appointment of Expert Witnesses and Memorandum in Support and Declaration" (Doc. 80). The Court has reviewed the motions and issues its orders as set forth herein.

# I.  DISCUSSION

## A.  Plaintiff's "Motion for Enlargement" (Doc. 73)

In his Motion filed on March 3, 2016, Plaintiff "requests the Court to grant him an extension of thirty days to respond to Defendants Ende, Merchant, Furar, Thompson, and Anderson's responses to his First Request for Production of Documents."  (Doc. 73 at 1). Plaintiff states that he "would like the chance to try and resolve the discovery dispute with the Defendants . . . ."  (*Id.*).  The Court construes Plaintiff's Motion as a request to extend the discovery deadline, which expired on January 15, 2016.  (Doc. 47 at 2).

Modification of the Scheduling Order requires a showing of "good cause."  *See* Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992).  If a pretrial schedule cannot be met despite the diligence of the party seeking an extension of time, the Court may modify its scheduling order.  *See* MILLER & KANE, *FEDERAL PRACTICE AND PROCEDURE* § 1522.1 at 231 (2d ed. 1990) (good cause means scheduling deadlines cannot be met despite party's diligence). Carelessness is not good cause for the extension of discovery deadlines.  *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."  *Id.* (citations omitted).  Moreover, where a motion is made to extend a deadline after the deadline has expired, the movant must show excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(B).

The Court's April 20, 2015 Scheduling Order gave the parties approximately seven months to complete discovery (until November 16, 2015).  (Doc. 24 at 2).  The discovery deadline was subsequently extended to January 15, 2016.  (Doc. 47 at 2).  One day before the discovery deadline, Petitioner filed a First Request for Production of Documents.  (Doc. 51).  "Common sense dictates that any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination

of discovery[.]" *Adobe Systems Inc. v. Christenson*, No. 2:10–cv–00422–LRH–GWF, 2011 WL 1322529, * 2 (D. Nev. April 5, 2011) (quoting *Northern Indiana Pub. Serv. Co. v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423 (N.D. Ind. 1986)); *see also Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (discovery "requests must be served at least thirty days prior to a completion of discovery deadline"; otherwise, the requests are untimely).   On March 10, 2016, Plaintiff filed his Second Requests for Production of Documents (Docs. 77, 78, 79).[1]

Plaintiff does not offer a reason for his delay in conducting discovery.  The record does not reflect that reasons beyond Plaintiff's control caused Plaintiff's failure to serve his discovery requests at least thirty days prior to the discovery deadline.  Plaintiff's failure to conduct discovery earlier in the case constitutes a lack of diligence and is not excusable neglect.  *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993) (stating that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect").  The Court denies Plaintiff's "Motion for Enlargement" (Doc. 73).

**B.  Plaintiff's "Motion for Rule 56 and Declaration" (Doc. 62)**

On January 25, 2016, Defendants Merchant, Ende, Furar, and Thompson filed a Motion for Summary Judgment (Doc. 52).  On February 1, 2016, Defendant Ryan filed a "Motion for Summary Judgment and Joinder in Codefendants' Motion for Summary Judgment" (Doc. 55).   On February 1, 2016, Defendant Anderson filed a Motion for Summary Judgment (Doc. 57).   The Court issued orders notifying Plaintiff of the requirements for his responses to the Motions for Summary Judgment.  (Docs. 54, 59,

---

[1] As explained in the Court's February 4, 2016 Order (Doc. 61), "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing:  depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission."  Fed. R. Civ. P. 5(d). LRCiv 5.2 provides that "[a] 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."  Plaintiff's discovery requests filed on March 10, 2016 are stricken as they have not been "used" in this proceeding and therefore violate Fed. R. Civ. 5(d) and LRCiv 5.2.

and 60).  On February 25, 2016, Plaintiff filed a "Motion for Enlargement" (Doc. 69) seeking an extension of at least forty-five days to respond to Defendants Merchant, Ende, Furar, and Thompson's Motion for Summary Judgment.  The Court granted Plaintiff's "Motion for Enlargement" and ordered that Plaintiff file his Response to Defendants' Motion for Summary Judgment (Doc. 52) no later than March 31, 2016.  (Doc. 71).  To date, Plaintiff has not responded to any of the three Motions for Summary Judgment that have been filed in this case.

Pending before the Court is Plaintiff's "Motion for Rule 56 and Declaration" (Doc. 62),[2] in which Plaintiff requests that the Court "pursuant to Federal Rules of Civil Procedure, Rule 56(f) . . . deny, or at least stay" Defendants Merchant, Ende, Furar, and Thompson's Motion for Summary Judgment.  The Court construes Plaintiff's Motion as a motion for a Fed. R. Civ. P. 56(d) continuance.[3]  To justify a continuance of a motion for summary judgment pursuant to Fed. R. Civ. P. 56(d), the moving party must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr. Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  Denial of a Rule 56(d) motion is proper if the movant fails to comply with the requirements of Rule 56(d) or if the movant has failed to conduct discovery diligently.  *See, e.g., United States v. Kitsap Physicians Service*, 314 F.3d 995, 1000 (9th Cir. 2002) ("Failure to comply with [the requirements of Rule 56(d)] is a proper ground for denying relief."); *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56[d] motion."); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th

[2] Plaintiff's filing (Doc. 62) is docketed as a Response to Defendants Merchant, Ende, Furar, and Thompson's Motion for Summary Judgment (Doc. 52).  The Court will direct the Clerk of Court to amend the docket to reflect that Plaintiff's filing is a motion rather than a response.

[3] Prior to the 2010 amendments to the Federal Rules of Civil Procedure, Rule 56(d) was numbered 56(f).

Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment"); *Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372 (9th Cir. 1985) (ruling that district court properly denied the plaintiffs' Rule 56(d) motion because the "[f]ailure to take further depositions apparently resulted largely from plaintiffs' own delay").

Plaintiff has had sufficient opportunity to conduct discovery in this case. As discussed, the Court's April 20, 2015 Scheduling Order originally gave the parties approximately seven months to complete discovery, but the deadline was later extended to January 15, 2016. Hence, the parties had approximately nine months to complete discovery. Plaintiff waited until one day before the deadline to propound his First Request for Production of Documents. Plaintiff waited until almost two months after the discovery deadline to propound his Second Requests for Production of Documents (Docs. 77, 78, 79). Plaintiff's lack of diligence in conducting discovery supports the denial of Plaintiff's Motion (Doc. 62). *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (explaining that a district court may deny relief under Rule 56(d) if the party opposing summary judgment has failed to diligently pursue discovery). However, the Court remains mindful that "summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)). Thus, in an abundance of caution, the Court will review the merits of Plaintiff's Motion.

In replying to Defendants Merchant, Ende, Furar, and Thompson's Response (Doc. 70) to his Rule 56(d) Motion, Plaintiff asserts that the discovery requests in his Second Request for Production of Documents are necessary for his response to the Motion for Summary Judgment. (Doc. 83 at 4). However, Plaintiff does not (i) articulate the specific facts that Plaintiff hopes to elicit from the discovery requests; (ii) show that the facts sought exist; and (iii) show that the sought-after facts are essential to oppose summary judgment. Plaintiff therefore has failed to show that his Second Requests for

Production of Documents justify a Rule 56(d) continuance. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (stating that "[i]n making a Rule 56[d] motion, a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment") (citation and internal quotation marks omitted). Moreover, in response to Plaintiff's First Request for Production of Documents, Defendant Ryan has produced (i) Plaintiff's administrative medical grievance records; (ii) a copy of Department Order 1101 concerning inmate healthcare; and (iii) Plaintiff's public AIMS record. (Doc. 82-1). Plaintiff has not explained why the records produced are insufficient to respond to the Motions for Summary Judgment.

In their Response to Plaintiff's Motion (Doc. 62), Defendants Merchant, Ende, Furar, and Thompson state that "[s]ince Plaintiff has his medical records, it does not appear that Plaintiff's ability to respond to the pending motion for summary judgment has been prejudiced by any alleged lack of discovery." (Doc. 70 at 5). Plaintiff alleges that he is missing "several reports, HNRs requesting medical care, lab reports, and other documents involving his prostate and skin issues." (Doc. 83 at 5). Although Plaintiff does not articulate how the alleged missing items are essential to his opposition to summary judgment, the Court finds it self-evident that Plaintiff's ability to defeat summary judgment may be prejudiced by not having his complete medical file. *See Calloway v. Veal*, 571 F. App'x 626, 628 (9th Cir. 2014) ("The district court erred by entering judgment against Calloway—who appeared below in pro per and in forma pauperis while incarcerated—without providing him an appropriate opportunity to conduct discovery" and noting that the plaintiff requested, but did not receive his complete medical records).

The Court has the power to "issue any . . . appropriate order" required to address a party's inability to "present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Accordingly, by **April 20, 2016**, Plaintiff and counsel for Defendants Merchant, Ende, Furar, and Thompson shall make a good faith attempt to resolve the dispute regarding whether Plaintiff has a complete copy of his medical records. The parties shall

file a joint status report by **April 27, 2016** regarding the resolution of the dispute. Plaintiff's deadlines for responding to Defendants' Motions for Summary Judgment (Docs. 52, 55, 57) are stayed pending further order of the Court.  Plaintiff's "Motion for Enlargement" (Doc. 74), which requests an extension of time in which to respond to Defendant Ryan's Motion for Summary Judgment (Doc. 55), is therefore moot.

For the above reasons, Plaintiff's "Motion for Rule 56 and Declaration" (Doc. 62) is granted to the extent set forth herein.

### C. Plaintiff's "Motion for the Appointment of Expert Witnesses and Memorandum in Support and Declaration" (Doc. 80)

The Court's Scheduling Order (Doc. 24) set July 15, 2015 as the deadline for Plaintiff's expert witness disclosures.  The final discovery deadline was January 15, 2016.  (Doc. 47).

On February 25, 2016, Plaintiff filed a Motion (Doc. 80) requesting the Court to appoint "independent experts on the medical issues of this case."  Because Plaintiff's Motion was filed after the expert witness disclosure deadline, the Court may deny the Motion as untimely.  *See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1104 (9th Cir. 1985) (court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made); *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that a district court properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order); *Johnson*, 975 F.2d at 610 (stating that "[a] scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril") (citation and internal quotation marks omitted).

For the reasons discussed in Section I(A) above, Plaintiff has failed to show the diligence and good cause necessary for the Court to deviate from its Scheduling Order. Therefore, denial of Plaintiff's Motion (Doc. 80) is warranted even if it is treated as a de facto motion to modify the Scheduling Order.  Further, Plaintiff's Motion (Doc. 80) is without merit.

Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002). Expert witnesses, however, cannot be appointed solely to aid a litigant in presenting his or her case. Expert witnesses can be only appointed where necessary to aid the court. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (stating that "the plain language of [28 U.S.C. § 1915] does not provide for the appointment of expert witnesses to aid an indigent litigant"). "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." WRIGHT & MILLER, 29 FED. PRAC. & PROC. EVID. § 6304 (2004).

This case involves two counts alleging deliberate indifference to medical needs in violation of the Eighth Amendment of the U.S. Constitution. The Court finds that Plaintiff's allegations in his First Amended Complaint relating to Plaintiff's medical treatment for his prostate and skin conditions are not so complicated as to require the appointment of an expert witness to assist the Court. A trier-of-fact does not require a medical expert to determine whether Defendants were deliberately indifferent to Plaintiff's medical needs. *See Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997) (recognizing that deliberate indifference claims are based upon a subjective state of mind, and thus do normally not require the kind of objective, expert testimony required in a malpractice action). Plaintiff's Motion (Doc. 80) is denied.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion for Enlargement" (Doc. 73).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion for Rule 56 and

Declaration" (Doc. 62) to the extent set forth herein.  By **April 20, 2016**, Plaintiff and counsel for Defendants Merchant, Ende, Furar, and Thompson shall make a good faith attempt to resolve the dispute regarding whether Plaintiff has a complete copy of his medical records.  The parties shall file a joint status report by **April 27, 2016** regarding the resolution of the dispute.    Plaintiff's deadlines for responding to Defendants' Motions for Summary Judgment (Docs. 52, 55, 57) are stayed pending further order of the Court.

       **IT IS FURTHER ORDERED** directing the Clerk of Court to amend the docket to reflect that Plaintiff's filing on February 18, 2016 is a "Motion for Rule 56 and Declaration," not a response to Defendants Merchant, Ende, Furar, and Thompson's Motion for Summary Judgment (Doc. 52).

       **IT IS FURTHER ORDERED** denying Plaintiff's "Motion for Enlargement" (Doc. 74) as moot.

       **IT IS FURTHER ORDERED** denying Plaintiff's "Motion for the Appointment of Expert Witnesses and Memorandum in Support and Declaration" (Doc. 80).

       **IT IS FURTHER ORDERED** striking the following filings from the docket: (i) Plaintiff's "Second Request for the Production of Documents from Defendant Orson Anderson, MD" (Doc. 77); (ii) Plaintiff's "Second Request for the Production of Documents from Defendants Kenneth Merchant, MD, Lawrence Ende, NP Stanford, Renae Furar, RN, and Susan Thompson, NP Stanford" (Doc. 78); and (iii) Plaintiff's "Second Request for the Production of Documents from Defendant Charles Ryan, Director Arizona Department of Corrections" (Doc. 79).

       Dated this 7th day of April, 2016.

       Eileen S. Willett
       United States Magistrate Judge